UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PANINI AMERICA, INC., <br> Plaintiff, <br> v. <br> KOLLECTORSVAULT, LLC and STEVEN TEANI <br> Defendants. | Case No. 19-cv-03800-LB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANTS BY EMAIL** <br><br> Re: ECF No. 35 |

**INTRODUCTION**

Plaintiff Panini America is a leading retailer of sports trading cards in the United States and internationally.[1] It is suing defendants Kollectorsvault and Steven Teani for allegedly selling counterfeit Panini products online.[2] Panini has made repeated attempts to serve the summons and complaint on Kollectorsvault in person, by mail, and by email but Kollectorsvault has not responded. Panini therefore asks to serve Kollectorsvault by email and mail or, alternatively, by publication.[3]

---

[1] Second Amended Complaint ("SAC") – ECF No. 20 at 3 (¶ 9). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 4 (¶ 16).

[3] Mot. – ECF No. 35 at 2.

ORDER – No. 19-cv-03800-LB

The court can decide the motion without oral argument under Civil Local Rule 7-1(b). The court authorizes Panini to serve Kollectorsvault by email and mail.

## STATEMENT

Panini creates and sells sports memorabilia, including trading cards.[4] It holds license agreements with the major professional sports leagues and players' associations.[5] In connection with its sports trading cards business, Panini owns these trademarks in word and design formats: "RATED ROOKIE," "ROOKIE TICKET" AND "ROOKIE ROLL CALL."[6]

The defendants market and sell, among other things, sports trading cards.[7] Mr. Teani formerly owned a sports-memorabilia store and has been involved in the sports-memorabilia and trading-card business for years.[8] Kollectorsvault sells sports trading cards online.[9] Kollectorsvault identifies itself as a limited liability company but is not registered in California or any other state.[10] Panini alleges that the defendants are infringing on its trademarks by allegedly advertising and selling counterfeit Panini sports trading cards with the "RATED ROOKIE," "ROOKIE," or other identical trademarks.[11]

On June 17, 2019, Panini made a written demand through eBay Inc.'s Vero intellectual-property enforcement program and demanded that Kollectorsvault cease its infringing activity.[12] Kollectorsvault continued to infringe on Panini's trademarks.[13]

---

[4] SAC – ECF No. 20 at 2 (¶ 2).
[5] *Id.*
[6] *Id.* at 3 (¶ 10).
[7] *Id.* at 4 (¶ 16).
[8] Mot. – ECF No. 35 at 4.
[9] SAC – ECF No. 20 at 2 (¶ 3).
[10] Mot. – ECF No. 35 at 3; Solitro Decl. – ECF No. 35-1 at 2 (¶ 3).
[11] SAC – ECF No. 20 at 4 (¶ 16).
[12] *Id.* at 4–5 (¶ 19).
[13] *Id.*

On June 28, 2019 Panini filed this action.[14] It brings claims for: (1) Federal Trademark Infringement, 15 U.S.C. §§ 1114, 1125; (2) Federal Unfair Competition, 15 U.S.C. § 1125; (3) California Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq*, and Unfair Business Practices, §§ 17500 *et seq*; (4) California Common Law Unfair Competition; (5) Unjust Enrichment; and (6) Injunctive Relief.[15]

On September 29, 2019, Panini and Mr. Teani filed a joint-case-management statement.[16] Panini said that it had attempted to serve Kollectorsvault through Mr. Teani.[17] Panini believed Mr. Teani set up Kollectorsvault's P.O. box.[18] Mr. Teani, allegedly a victim of identity theft, disclaimed any association with Kollectorsvault and stated that he could not accept service on its behalf.[19]

On October 10, 2019 Panini and Mr. Teani filed a joint status update.[20] Among other things, Panini recounted its efforts to locate and serve Kollectorsvault.[21] Panini engaged in third-party discovery to try locate Kollectorsvault's agent.[22] It served a subpoena on the Burlingame Police Department seeking documents related to Mr. Teani's alleged "identify theft" to find the name of the person identified in the police report relating to Kollectorsvault's eBay account.[23] Panini subpoenaed eBay for Kollectorsvault's account registration, billing and mailing addresses, and any

---

[14] Compl. – ECF No. 1.
[15] SAC – ECF No. 20 at 4–9 (¶¶ 15–45).
[16] Joint Case-Management Statement – ECF No. 28.
[17] *Id.* at 2.
[18] *Id.*
[19] *Id.* at 3.
[20] Joint Status Update – ECF No. 33.
[21] *Id.* at 2–3.
[22] *Id.* at 2.
[23] *Id.*

financial accounts.[24] Panini also subpoenaed the United States Postal Service seeking information regarding Kollectorsvault's P.O. Box.[25]

Panini now moves for an order authorizing service by email and mail or, alternatively, service by publication.[26] In addition to the efforts described in the October 10, 2019 joint status update, Panini retained a private investigator to identify the individual(s) associated with the P.O. Box listed under Kollectorsvault's eBay account.[27] Panini also sent the the summons and SAC via email to the email address listed on Kollectorsvault's eBay account on October 30, 2019 and November 4, 2019.[28] The email address — kollectorsvault1965@yahoo.com — is "live" and does not return bounce back emails.[29] Panini did not receive a response to either email.[30]

Panini moved to serve the summons and complaint on Kollectorsvault by mail and email at the email address it served on October 30, 2019 and November 4, 2019, or in the alternative, to serve by publication in newspapers serving the Burlingame, California area.[31]

## ANALYSIS

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in the United States using any method permitted by the law of the state in which the district court is located or in which service is affected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.*

---

[24] *Id.* at 2–3.
[25] *Id.* at 3.
[26] Mot. – ECF No. 35.
[27] Solitro Decl. – ECF No. 35-1 at 3 (¶ 7).
[28] *Id.* (¶¶ 8–9).
[29] *Id.* (¶ 10).
[30] *Id.*
[31] Mot. – ECF No. 35 at 2.

ORDER – No. 19-cv-03800-LB 4

§ 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50.

"While the California Code includes no explicit provision for service by email, it provides a broad framework for alternative means of service: 'Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served.'" *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011) (quoting Cal. Civ. Proc. Code § 413.30). Courts have construed Section 413.30 as authorizing service by email where email service "is reasonably calculated to give actual notice to the party to be served," particularly where there is evidence that the defendant is evading service. *See, e.g.*, *id.*; *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246 WHA, 2014 WL 1877547, at *2–3 (N.D. Cal. May, 9, 2014); *United Health Servs., Inc. v. Meyer*, No. C 12-6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013).

California law also permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" specified in Article 3 of the California Code of Civil Procedure. Cal. Civ. Proc. Code § 415.50(a). In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (internal quotations and citations omitted). And because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333. "However, when there is evidence that a defendant is evading service, courts are more willing to allow

alternative methods such as service by publication." *Felix v. Anderson*, No. 14-cv-03809-JCS, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015) (citing *Miller v. Super Ct.*, 195 Cal. App. 2d 779, 786 (1961)).

That a plaintiff has taken one or a few reasonable steps to serve a defendant does not mean that all "myriad . . . avenues" have been properly exhausted to warrant service by publication. *Id.* But a plaintiff will generally satisfy its burden through "[a] number of honest attempts to learn [a] defendant's whereabouts or his address" by asking his relatives, friends, acquaintances, or employers, and by investigating "appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location." *Kott*, 45 Cal. App. 4th at 1137 (internal quotations omitted). "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id.* The reasonable-diligence inquiry is fact and case specific. *Id.* at 1137–38 ("[T]he showing of diligence in a given case must rest on its own facts and no single formula or mode of search can be said to constitute due diligence in every case.") (internal citation omitted).

The court first looks to whether the plaintiff demonstrated reasonable diligence in its attempts to serve the defendants. Here, Panini attempted to serve Kollectorsvault by (1) subpoenaing the Burlingame Police Department for information relating to Mr. Teani's identity theft,[32] (2) subpoenaing eBay for Kollectorsvault's account information,[33] (3) subpoenaing the United States Postal Service for information related to Kollectorsvault's P.O. Box,[34] (4) retaining a private investigator to find a person associated with Kollectorsvault's eBay account,[35] (5) attempting to serve the summons and SAC via email to the email address listed on Kollectorsvault's eBay account on October 30, 2019 and November 4, 2019,[36] (6) and serving the summons and SAC by

---

[32] Joint Status Update – ECF No. 33 at 2.
[33] Solitro Decl. – ECF No. 35-1 at 2 (¶¶ 4–5).
[34] *Id.* (¶ 6).
[35] *Id.* at 3 (¶ 7).
[36] *Id.* (¶¶ 8–9).

ORDER – No. 19-cv-03800-LB 6

mail to the P.O. Box.[37] Panini has exercised reasonable diligence in attempting to serve Kollectorsvault.

The court next looks to whether service by email is reasonably calculated to give actual notice to the defendants. Here, Kollectorsvault still has an active eBay account.[38] Kollectorsvault lists the kollectorsvault1965@yahoo.com on its eBay profile.[39] The email address is live and does not bounce back emails.[40] The court therefore finds that service at kollectorsvault1965@yahoo.com is reasonably calculated to give Kollectorsvault actual notice of Panini's claim.

The court directs Panini to serve Kollectorsvault copies of the summons and SAC by email to kollectorsvault1965@yahoo.com and by mail to P.O. Box 373, Burlingame, California 94011-0373.

## CONCLUSION

The court grants Panini's motion to authorize service by email.

**IT IS SO ORDERED.**

Dated: November 24, 2019

_____
LAUREL BEELER
United States Magistrate Judge

---

[37] Joint Case-Management Statement – ECF No. 28 at 2.
[38] Solitro Decl. – ECF No. 35-1 at 2 (¶ 5).
[39] *Id.*
[40] *Id.* at 3 (¶ 10).

ORDER – No. 19-cv-03800-LB 7